UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI ADRIENNE YOUNGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALVAREZ, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00098-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIM AND DEFENDANT H. ARREOLA<br><br>(ECF No. 10) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 2, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Correctional officers failed to protect Plaintiff and other LGBTQ inmates.  Plaintiff spoke with officer Alvarez the morning of the incident and she did nothing before Plaintiff was attacked later that morning.  Plaintiff was told to talk to floor officer Gonzales who failed to protect Plaintiff.  Plaintiff tried to move away from the threats but was not allowed to because officer Harris did not want Plaintiff in his building.

On September 18, 2023, Plaintiff was placed in handcuffs and left for hours.  Plaintiff had

to eat while in handcuffs and he was left in a lot of pain. Plaintiff asked the officer sitting with him if he could go to a cage since they had room. The officer told Plaintiff lieutenant H. Arreola ordered to keep him outside. Plaintiff was out in the hot heat for hours and was moved later that night to the yard while still in handcuffs. The handcuffs were not removed until they reached the administrative segregation unit.

### III.

### DISCUSSION

#### A. Failure to Protect

Plaintiff contends that Defendants officers Alvarez, Gonzales, and Harris should be held liable for failing to prevent the attack upon him. The United States Supreme Court has recognized that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. Id. at 1332.

Liberally construed, Plaintiff states a cognizable failure to protect claim against Defendants Alvarez, Gonzales and Harris based on the allegations that Plaintiff notified them several times of threats made against LGBTQ inmates, such as himself, and intentionally failed to move him which lead to the attack by several other inmates.

#### B. Cruel and Unusual Punishment

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." Hope v. Pelzer, 536 U.S. 730, 737 (2002) (internal citations omitted).

Two requirements must be met to show an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently

3

1  serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have
2  a sufficiently culpable state of mind," which for conditions of confinement claims "is one of
3  deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act
4  with deliberate indifference when they know of and disregard an excessive risk to inmate health
5  or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in
6  determining whether the conditions complained of are grave enough to form the basis of a viable
7  Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).   A short-term
8  deprivation, however, does not ordinarily amount to a constitutional violation. See Harris v.
9  Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).

10          Plaintiff's allegation that he was handcuffed for hours on September 18, 2023, fails to
11  give rise to a cognizable constitutional violation.  While it may have been unpleasant, the
12  conditions Plaintiff endured were temporary and not sufficiently severe to implicate the Eighth
13  Amendment.  See, e.g., Brown v. Trejo, No. 18-56603, 2020 WL 3057422, at *1 (9th Cir. June 9,
14  2020) (the Ninth Circuit held that leaving an inmate in handcuffs in a law library pending return
15  to his cell did not put the inmate at substantial risk of suffering serious harm where inmate failed
16  to complain the restraints were too tight); Cunningham v. Eyman, 17 Fed. Appx. 449, 454 (7th
17  Cir. 2001) (finding where the plaintiff spent 16 hours in shackles and four to five hours in soiled
18  clothing, these hardships were temporary and not sufficiently severe to implicate the Eighth
19  Amendment); Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999) (no constitutional violation
20  where a prisoner was restrained in handcuffs for 24 hours, making it more difficult for him to
21  relieve himself); Hernandez v. Battaglia, 673 F. Supp. 2d 673, 677 (E.D. Ill. 2009) (handcuffing
22  of inmates behind their backs for eight to nine hours during a shakedown, "given the security
23  concerns and unique circumstances surrounding the execution of the shakedown, was not the kind
24  of serious deprivation which would be actionable under the Eight Amendment."); Evans v. Dorn,
25  No. 17-C-1435, 2019 WL 2579444, at *3 (E.D. Wis. June 24, 2019) (holding that prison official's
26  action in shackling plaintiff to a table and locking him in a cold room for several hours did not
27  rise to a constitutional violation).  Accordingly, Plaintiff fails to state a cognizable claim for relief
28  based on the alleged handcuffing.

### C.     Further Leave to Amend

In light of the fact that the Court informed Plaintiff previously of the relevant legal standards governing his claims and he has failed to cure the pleading deficiencies with respect to his conditions of confinement claim, further leave to amend would be futile.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's failure to protect claim against Defendants Alvarez, Gonzales and Harris; and

2.     Defendants conditions of confinement claim against Defendant H. Arreola be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 12, 2024**

UNITED STATES MAGISTRATE JUDGE