UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI ADRIENNE YOUNGER,<br><br>    Plaintiff,<br><br>    v.<br><br>ALVAREZ, et al.,<br><br>    Defendants. | No. 1:24-cv-00098-KES-SAB (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS**<br><br>Doc. 11 |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 7, 2024, the assigned magistrate judge screened plaintiff's initial complaint, Doc. 1, and determined that plaintiff failed to state a claim against defendant Arreola regarding the conditions of her[1] confinement and that this action should proceed only on plaintiff's failure to protect claim against defendants Alvarez, Gonzales, and Harris. Doc. 9. The magistrate judge concluded that the conditions plaintiff endured of being handcuffed outside for approximately 11 hours, well in excess of CDCR's policy not to handcuff inmates for more than 4 hours, were

---

[1] In her objections, plaintiff asked that the Court address plaintiff by her preferred pronouns of "she" and "her."

1

temporary and not sufficiently severe to implicate the Eighth Amendment. *Id.* at 4. Moreover, the magistrate judge found that alleged violations of state statutes or prison regulations do not support a claim under § 1983. *Id.* at 5. The magistrate judge provided plaintiff two options: (1) file a first amended complaint or (2) notify the Court that she intends to proceed on her failure to protect claim only. *Id.* at 6. Plaintiff filed a first amended complaint on April 2, 2024. Doc. 10. Though the magistrate judge warned that the amended complaint must be complete on its own and that the Court cannot refer to the prior complaint when screening the first amended complaint, Doc. 9 at 6, the first amended complaint contains somewhat fewer details regarding plaintiff's claims. *See generally* Doc. 10.

On April 12, 2024, the assigned magistrate judge screened plaintiff's first amended complaint and issued findings and recommendations recommending that this action proceed only on plaintiff's failure to protect claim against Alvarez, Gonzales, and Harris, and that the conditions of confinement claim under the Eighth Amendment against Arreola be dismissed for failure to state a cognizable claim for relief. Doc. 11. Specifically, the findings and recommendations found that "[w]hile [the handcuffing of plaintiff] may have been unpleasant, the conditions [p]laintiff endured were temporary and not sufficiently severe to implicate the Eighth Amendment." *Id.* at 4. The findings and recommendations state that further leave to amend would be futile given that plaintiff has already had an opportunity to cure the pleading deficiencies and failed to do so in her first amended complaint. *Id.* Plaintiff timely filed objections.[2] Doc. 12.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, including the findings and recommendations and plaintiff's objections, the Court concludes that the findings and recommendations regarding the legal sufficiency of plaintiff's claims are supported by the record and proper analysis. However, pro se complaints should be liberally construed and "may only be dismissed if it appears beyond

---

[2] The objections were due by April 26, 2024. Though received by the court on April 29, 2024, they were timely as plaintiff's proof of service reflects that they were deposited with prison authorities on April 24, 2024, to be mailed. *See* Doc. 12 at 4.

doubt that the plaintiff can prove no set of facts in support of his [or her] claim." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).  Therefore, with this directive in mind and given that the contents of plaintiff's objections indicate plaintiff may be able to allege additional facts to support her claims, the Court will decline to adopt the findings and recommendations insofar as they recommend not allowing plaintiff further leave to amend.  Rather, this Court will grant plaintiff **one final opportunity** to amend her complaint to state a claim for unconstitutional conditions of confinement or excessive force relating to the handcuffing incident and/or to state her failure to protect claim against defendant Arreola.

In her objections, plaintiff appears to object to the magistrate judge's recommendation that her claim for failure to protect proceed against Alvarez, Gonzales, and Harris only, stating with emphasis that *all* defendants, including defendant Arreola, acted with deliberate indifference and had knowledge and warning of the alleged attack she suffered.  *Id.* at 1-3.  However, plaintiff's first amended complaint does not indicate how Arreola was involved in the allegations regarding plaintiff's failure to protect claim.  *See* Doc. 10 at 3.  In fact, Arreola is not mentioned at all in plaintiff's failure to protect claim in her first amended complaint.  *See id.*  As the findings and recommendations state, and as plaintiff's objections acknowledge, a plaintiff's complaint "must demonstrate that each defendant personally participated in the deprivation of [p]laintiff's rights." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Therefore, the findings and recommendations correctly find that the first amended complaint fails to state a claim for failure to protect as to defendant Arreola.  Given that plaintiff's objections indicate that defendant Arreola had knowledge and warning of the attack she suffered or was otherwise also involved in failing to protect plaintiff, the Court will grant plaintiff an opportunity to further amend her complaint to include facts supporting this allegation.

Plaintiff also states in her objections that the magistrate judge mistakenly "misquotes [her] claims," explaining that the defendants used "'punishment/retaliation' for [her] asserting [her] rights, [] being transgender or identifying with the LGBTQ community, which defendants hated and failed to [] protect . . . [her]." Doc. 12 at 1.  However, plaintiff's first amended complaint does not make any allegation regarding "punishment" or "retaliation" or connect her handcuffing

3

to her LGBTQ+ status.  Nor is it clear what plaintiff is referencing when she states that defendants punished her or retaliated against her for asserting her rights.  To the extent plaintiff may mean that she was handcuffed for "being transgender or identifying with the LGBTQ community," this allegation—if made—is conclusory and lacks the specificity required by Rule 12(b)(6).  As further noted below, plaintiff may file a second amended complaint including specific relevant allegations regarding the handcuffing incident and the circumstances, including any conduct by plaintiff, that led up to the incident, if she intends to assert a claim regarding her conditions of confinement and/or a failure to protect claim against defendant Arreola.

Plaintiff objects to the magistrate judge's conclusion that she failed to state a claim against the defendants under the Eighth Amendment regarding being handcuffed "for hours" outside in the heat.  Doc. 12 at 2.  In her objections, she states that "*[a]ll* defendants who *joined each other* to punish me, with a deliberate indifference, to the handcuff treatment used by *these same defendants*."  *Id.* (emphases added).  She further indicates that such treatment was "over a long period of time" and that she was "tightly cuffed to the extent it stopped the blood circulation in [her] wrists[,] left and right hand[,] and numbed [her] fingers[,] etc."  *Id.*  Plaintiff's first amended complaint does not contain these allegations.  *See generally* Doc. 10.  First, the first amended complaint does not indicate that *all* defendants were involved in this incident, but rather mentions only defendant Arreola and an unnamed correctional officer, who refused her request to move her to a cage.  Second, as already noted, though plaintiff's objections state that defendants placed her in handcuffs to punish her or retaliate against her (potentially, liberally construed, for belonging to the LGBTQ+ community), her first amended complaint offers no context as to why she was handcuffed.  Finally, plaintiff's first amended complaint states merely that she was left in handcuffs "for hours" and that she "was in a lot of pain," but does not contain specifics that her initial complaint and objections contain as to how many hours nor specifics about the type of pain she endured.

As the findings and recommendations point out, "[t]he Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain' that is 'totally without penological justification.'"  *Hope v. Pelzer*, 536 U.S. 730, 737

(2002). For claims regarding conditions of confinement, first "the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'" *Id.* (citing *Wilson*, 501 U.S. at 298). "In making this [second] determination in the context of prisons, we must ascertain whether the officials involved acted with 'deliberate indifference' to the inmates' health or safety." *Hope*, 536 U.S. at 737-38 (citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 738. "The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." *Johnson*, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." *Id.* "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." *Id.* at 732.

Plaintiff's deprivation was relatively brief. *Id.* (holding that the several days prisoners were forced to stay in the yard was a "relatively brief" amount of time and precluded them from bringing a claim for "minor deprivations"). Therefore, plaintiff may only bring a claim challenging the constitutionality of her conditions of confinement if she can show "evidence of *substantial deprivations*." *Id.* (emphasis added) (finding that, though relatively briefly withheld, plaintiffs showed "evidence of substantial deprivations of shelter, food, drinking water, and sanitation" where some plaintiffs were left outside for 17 hours in cold temperatures and others for four days in hot temperatures, were given spoiled food due to the heat, did not have sufficient access to drinking water in heat, and lacked toilet facilities).

Plaintiff's first amended complaint alleges that she was left in handcuffs "for hours," that she had to "eat while in handcuffs," that she "was in a lot of pain," that she asked the correctional to move to a cage instead, and that she was in the "hot heat for hours." Doc. 10 at 5. The findings and recommendations correctly conclude that the first amended complaint, on its own, likely fails to show a deprivation that was sufficiently serious to state a conditions of confinement

claim. Her original complaint contains a few additional details, including that the duration of her handcuffing lasted for around eleven hours and that she was made to eat in unsanitary conditions, though plaintiff fails to allege the specifics of the unsanitary conditions. Moreover, in her original complaint and her objections, most liberally construed, she arguably states that she was handcuffed because of her LGBTQ+ affiliation and not because of any security concern or unique circumstances necessitating it. Given this, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim." *Mangiaracina*, 849 F.3d at 1195. Thus, one final chance to amend is warranted.

Based on plaintiff's objections that she was "tightly" cuffed and that she was retaliated against for her status as an LGBTQ+ individual, it appears possible that she may be intending to bring an excessive force claim under the Eighth Amendment. "In excessive force cases brought under the Eighth Amendment, the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (citation omitted). A five-factor test is applied "to determine whether the use of force was malicious and sadistic: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Id.* (cleaned up).

"It is well settled that overly tight handcuffing can constitute excessive force." *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *see also Brooks v. Ruiz*, Case No. 2:21-cv-02010, 2024 WL 2702916 (C.D. Cal. Apr. 22, 2024) (holding plaintiff stated excessive force claim where plaintiff alleged he was tightly restrained for two hours causing numbness, discomfort, and prolonged pain and where "[defendant's] conduct in ignoring [p]laintiff's request to loosen the restraints . . . [did] not appear to be a good-faith effort to maintain or restore discipline but rather raise[d] an inference of malicious intent to cause [p]laintiff harm"); *Owens v. Padilla*, No. C 06-4778 RMW (PR) (N.D. Cal. Aug. 22, 2008) (drawing all inferences in plaintiff's favor and finding that plaintiff stated claim for excessive force where plaintiff alleges he was handcuffed behind his back for six and a half hours); *Buckley v. Evans*, No. 2:02-cv-

6

01451-JKS, 2007 WL 2900173 (E.D. Cal. Sept. 28, 2007) (holding reasonable jury could find excessive force in case where prisoner was kept in handcuffs and leg irons for nearly five hours, complained constantly they were too tight, and where testimony might permit an inference that there was no proof of a necessity for any force). "Although the level at which tight handcuffing becomes unconstitutional is not well defined, the Ninth Circuit has found a triable issue when the handcuffs caused demonstrable injury or unnecessary pain, or when officers ignored or refused requests to loosen the handcuffs once alerted that the handcuffs were too tight." *Brooks*, 2024 WL 2702916, at *4.

As noted, the first amended complaint does not provide the context or circumstances that led to plaintiff being handcuffed, and thus, there is no basis for the Court to conclude that such shackling was "totally without penological justification." *See Hope*, 536 U.S. at 737; *see also Hughes*, 31 F.4th 1221 ("In excessive force cases brought under the Eighth Amendment, the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'").

However, liberally construed, her original complaint and objections may indicate that she was handcuffed for being transgender and not for any valid purpose, which sufficiently alleged, would speak to the second, third, and fourth *Hughes* factors. As for the first factor, though her first amended complaint states that she was handcuffed "for hours" and that she was in "a lot of pain," it fails to state with specificity the duration or the details regarding the pain the handcuffing caused her that her original complaint and objections provide. Additionally, as to the fifth factor, plaintiff alleges that she asked the correctional officer near her if she "could go to a cage" instead of being handcuffed. While plaintiff's first amended complaint fails to sufficiently state this claim, her objections and several filings construed together indicate that she may be able to assert such a claim in a further amended complaint. Therefore, granting plaintiff further leave to amend as to this claim is also warranted.

Accordingly, the Court will grant plaintiff **one final opportunity** to further amend her complaint, as plaintiff may be able to allege additional facts to state an excessive force claim and/or a claim regarding her conditions of confinement, and because plaintiff may be able to

7

1 | allege additional facts regarding defendant Arreola's participation in her failure to protect claim.
2 | If plaintiff chooses to file a second amended complaint, that complaint must bear the docket
3 | number assigned to this case and must be labeled "Second Amended Complaint." Plaintiff is
4 | again reminded that an amended complaint supersedes any prior complaints. *Ramirez v. Cty. of*
5 | *San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amended complaint supersedes a prior
6 | complaint and the prior complaint thereafter is treated as non-existent). The amended complaint
7 | must be "complete in itself without reference to the prior or superseded pleading." Local Rule
8 | 220.  **Thus, plaintiff must allege <u>all facts</u> in the second amended complaint concerning the**
9 | **alleged incidents to support her claims for failure to protect and for cruel and unusual**
10 | **punishment under the Eighth Amendment.** Once plaintiff files a second amended complaint,
11 | the original complaint and the first amended complaint will no longer serve any function in the
12 | case and the allegations contained within them cannot help to bolster any of plaintiff's claims
13 | contained in the second amended complaint.
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Accordingly, IT IS HEREBY ORDERED:

1. The Court adopts in part the findings and recommendations issued on April 12, 2024 (Doc. 11);
2. Within 30 days of the date of service of this Order, plaintiff may file a second amended complaint that complies with this Order;
3. If plaintiff does not timely file a second amended complaint, this case will proceed only on plaintiff's failure to protect claim against defendants Alvarez, Gonzales and Harris as recommended by the findings and recommendations (Doc. 11), and any other claims in plaintiff's first amended complaint will be dismissed pursuant to this Order.

IT IS SO ORDERED.

Dated:   December 29, 2024

UNITED STATES DISTRICT JUDGE